# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED MARITIME GROUP, LLC, and U.S. UNITED BARGE LINE, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> W. DAVID O'NEILL, <br><br> Defendant. | Case No. 09-CV-0374-MJR |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

On March 4, 2009, Plaintiffs filed this action in the Northern District of New York (Doc. 2). On April 3, 2009, Plaintiffs filed an amended complaint invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332 (Doc. 4). On May 15, 2009, the case was transferred to the Southern District of Illinois (Doc. 9). Because key jurisdictional facts are missing from the amended complaint, the Court is unable to determine whether subject matter jurisdiction properly lies in this case.

The amount in controversy clearly suffices for diversity jurisdiction. But it is not clear that the parties are actually diverse. Plaintiffs inform the Court that United Maritime Group, LLC and U.S. United Barge Line, LLC are Florida limited liability companies with their principal places of business in Florida. However, the law of this Circuit provides that—for diversity purposes—the citizenship of a limited liability company is the citizenship of each of its members. As a result, complete diversity can only be ascertained if the complaint *identifies* the citizenship of *each* member of the LLC. *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, **463 F.3d 646, 651 (7th Cir. 2006);** *Wise v. Wachovia Securities, LLC*, **450 F.3d 265, 267 (7th Cir. 2006).**

Indeed, a limited liability company is a citizen of every state of which any member is a citizen, and "this may need to be traced through multiple levels if any of [the] members is itself a partnership or LLC." ***Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).**

Additionally, Plaintiffs allege that Defendant O'Neill is a "resident" of Kentucky. The Seventh Circuit consistently admonishes parties for pleading residence rather than citizenship. Allegations of residence are "inadequate," "residence and citizenship are not synonyms," and "it is the latter that matters for purposes of diversity jurisdiction." ***Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) (quoting *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1989), and *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)).**

Thus, the Court needs additional information to determine whether the parties are completely diverse in citizenship. Accordingly, the Court **DIRECTS** Plaintiffs to file a second amended complaint **no later than June 1, 2009.** Plaintiffs shall amend the complaint only to the extent necessary to properly state the citizenship of each party.

**IT IS SO ORDERED.**

**DATED this 21st day of May 2009.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**